UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LEVON L. JENNINGS** | **CIVIL ACTION NO. 19-1525** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **DUANE COOKSON, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Levon L. Jennings, a prisoner at Ouachita Correctional Center proceeding pro se and in forma pauperis, filed the instant proceeding on approximately November 9, 2019, under 42 U.S.C. § 1983. He names the following defendants: Duane Cookson, Assistant District Attorney Farshian Charlotte, and Judge Stephens Winters.[1]

## Background

Plaintiff claims that, on April 10, 2018, Officer Duane Cookson falsely arrested him, under an arrest warrant, for first-degree rape. [doc. # 1, p. 3]. The charge is pending. [doc. # 5, p. 2]. Plaintiff maintains that he is innocent, that evidence proves he is innocent, and that Cookson knew he was innocent. [doc. #s 1, p. 3; 5, p. 1]. Plaintiff also claims that Cookson "lied under oath . . . ." [doc. # 5, p. 1]. On July 13, 2018, a grand jury indicted Plaintiff, charging him with first-degree rape. [doc. # 5-1, p. 11].

Plaintiff claims that Assistant District Attorney Charlotte refuses to take him to trial because she wants him to remain incarcerated. [doc. # 1, p. 4]. He has been incarcerated for 21 months. [doc. # 5, p. 1]. He filed "a fast and speedy trial . . . ." *Id.* at 3. He alleges that "they

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

keep on setting the court date off . . . to play mind games and break [him] down . . . ." *Id.* He adds that "they" have everything they need to try him, but "they" keep him incarcerated to break him and force him to plead guilty. *Id.*

Plaintiff claims that Charlotte knows he is innocent yet continues to prosecute him. *Id.* at 1, 3.

Plaintiff claims that Judge Winters knows he is innocent. [doc. # 1, p. 4]. He also claims that Judge Winters allows the District Attorney to "run" the courtroom and allows prosecutors to "do what they want . . . ." [doc. # 5, p. 1]. He claims further that Judge Winters refuses to address his motions. *Id.*

Plaintiff maintains that his reputation was injured and that he suffers from PTSD, emotional distress, mental anguish, paranoia-schizophrenia, anxiety, and "a slew of other mental health issues." [doc. # 1, pp. 4-5].

Plaintiff asks the Court to dismiss his charge, and he seeks $3,000,000.00 for his time in incarceration and for the pain and suffering he endured as a result of the alleged false imprisonment. [doc. #s 1, p. 5; 5, p. 2].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] See *Martin v. Scott,* 156 F.3d

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra.*

Likewise, a complaint fails to state a claim on which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2.** *Heck v. Humphrey* **and** *Wallace v. Kato*

Plaintiff claims that, on April 10, 2018, Officer Duane Cookson falsely arrested him, under an arrest warrant, for first-degree rape. [doc. # 1, p. 3]. The charge is pending. [doc. # 5, p. 2]. Plaintiff also claims that Cookson "lied under oath . . . ." [doc. # 5, p. 1]. Further, Plaintiff appears to claim that, by arresting him, Cookson defamed him. He alleges that his reputation was injured, that his "name is being slandered and driven through the mud, like some kind of child molester or predator . . . ." *Id.* at 1-2. He adds that he was on the "Worldwide News and Facebook media all over. [sic]." *Id.* at 2.

If Plaintiff is convicted of the pending charge, he may not be entitled to seek relief for the claims above until the conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. See *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to pending criminal matters, successful false-arrest, perjury, and defamation claims, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction.[3] See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

Prevailing on the false-arrest claim—and establishing that the officer lacked probable

---

[3] A successful claim will not necessarily imply the invalidity of a conviction "if the factual basis for the conviction is temporally and conceptually distinct from" the claim. *Bush v. Strain*, 513 F.3d 492, 498 (5th Cir. 2008).

cause to charge Plaintiff with first-degree rape—could necessarily imply the invalidity of a conviction because the claim is essentially a collateral attack on a criminal judgment's validity. *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (citing *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime he was convicted of], would demonstrate the invalidity of [the conviction].").[4]

Prevailing on the perjury claim could likewise necessarily imply the invalidity of a conviction. See *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012) ("Villegas's arguments that his federal conviction was obtained through constitutional violations at trial, including . . . use of perjured testimony and fabricated evidence . . . necessarily imply that his conviction was invalid."); *Lenoir v. Howard*, 579 F. App'x 227, 228 (5th Cir. 2012); *Shaw v. Harris*, 116 F. App'x 499, 500 (5th Cir. 2004); *Olivarez v. Petter*, 169 F. App'x 247 (5th Cir. 2006).

With respect to the defamation claim, "[D]amage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 584 (5th Cir. 2012) (quoted source omitted). The Fifth Circuit describes this as the

---

[4] See also *Queen v. Purser*, 109 Fed. App'x. 659 (5th Cir. 2004) (a former inmate's false arrest claim necessarily challenged whether the evidence, which an officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus, the claim was not cognizable absent a showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

"stigma-plus-infringement" test. *State of Tex. v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995). "To meet the stigma prong, a plaintiff must show that the stigma was caused by concrete, *false* factual assertions by a state actor." *Id.* (emphasis added).

Here, to prevail, Plaintiff would have to prove that Cookson stigmatized him by falsely charging him with first-degree rape. Prevailing on this claim—by proving that the charge is false—could necessarily imply the invalidity of any future conviction on the same charge. See *Price v. Cty. Court Clerk of Hill Cty. Texas*, 73 F. App'x 80 (5th Cir. 2003).

The defamation claim is subject to *Heck* for a second reason. As above, a Plaintiff must allege and prove that a state actor defamed him *and* infringed some other interest. In that respect, Plaintiff suggests that the arrest (i.e. the alleged false arrest) constituted the infringement.[5] That said, proving false arrest could imply the invalidity of a conviction on Plaintiff's pending charge because, as above, "'false arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (quoting *Cormier*, 493 Fed. App'x. at 583). Thus, if Plaintiff is convicted of first-degree rape, *Heck* would foreclose using false arrest as the predicate infringement for his defamation claim. See *Cormier*, 493 F.3d. App'x at 584 ("Cormier cannot satisfy this 'stigma-plus-infringement' requirement, however, because applying *Heck* precludes using false arrest and malicious prosecution as predicate infringement claims.").

Federal courts may stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. See *Kato*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files

---

[5] Plaintiff does not identify any other infringement.

7

any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.") (emphasis supplied).

Here, Plaintiff's claims are *related to* rulings that will likely be made concerning his pending charge. Accordingly, the Court should stay these claims pending the outcome of the ongoing criminal prosecution.

**3. Prosecutorial Misconduct**

Plaintiff claims that Assistant District Attorney Charlotte refuses to take him to trial because she wants him to remain incarcerated. [doc. # 1, p. 4]. He has been incarcerated for 21 months. [doc. # 5, p. 1]. He filed "a fast and speedy trial . . . ." *Id.* at 3. He alleges that "they keep on setting the court date off . . . to play mind games and break [him] down . . . ." *Id.* He adds that "they" have everything they need to try him, but "they" keep him incarcerated to break him and force him to plead guilty. *Id.* He also claims that Charlotte knows he is innocent yet continues to prosecute him. *Id.* at 1, 3.

"Criminal prosecutors . . . enjoy absolute immunity from claims for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (holding that a prosecutor's conduct in connection with preparing and filing charging documents was protected by absolute immunity).

"Absolute immunity is not a rigid, formal doctrine, but attaches to the functions a prosecutor performs." *Moon v. City of El Paso*, 906 F.3d 352, 359 (5th Cir. 2018). The Fifth

8

Circuit has consistently held that the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity. See *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 Fed. App'x. 824, 826 (5th Cir. 2006). Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016).

Here, Defendant Charlotte is entitled to absolute prosecutorial immunity with respect to Plaintiff's speedy-trial claim. See *Hunter v. James*, 717 F. App'x 500, 501 (5th Cir. 2018) ("Watkins is absolutely immune from § 1983 immunity with respect to Hunter's speedy trial claim."); *Green v. New Orleans Police Dep't*, 2013 WL 5739076, at *4 (E.D. La. Oct. 22, 2013) (finding, where the plaintiff alleged that a district attorney failed, under LA. CODE CRIM. PROC. ANN. art. 701, to prosecute him in a timely manner, that the district attorney was immune).

Charlotte is also immune from Plaintiff's claim that Charlotte continues to prosecute him despite knowing he is innocent. As above, the decision of when and whether to file criminal charges clearly falls within the scope of a district attorney's prosecutorial duties protected by absolute prosecutorial immunity.[6] See *Imbler*, 424 U.S. at 430-31.

---

[6] See also *Esparza v. Munoz*, 3 F.3d 438 (5th Cir. 1993) (finding a prosecutor immune from a claim of prosecuting the plaintiff without sufficient evidence); *Nickerson v. Texas*, 209 F.3d 718 (5th Cir. 2000) (finding prosecutors immune from claims that they filed charges against the plaintiffs while possessing exculpatory evidence); *Green v. Texas Gov't*, 704 F. App'x 386 (5th Cir. 2017) (finding prosecutors immune from claims that they withheld exculpatory evidence and charged the plaintiff without probable cause); *Lawson v. Speetjens*, 42 F.3d 642 (5th Cir. 1994) (recognizing that immunity applies even if a plaintiff alleges that the prosecutor is knowingly using perjured testimony).

Under Plaintiff's allegations, Charlotte acted only in the course of Charlotte's role as a governmental advocate. Accordingly, the Court should dismiss these claims as frivolous and because Plaintiff seeks monetary relief from a defendant immune from such relief.

**4. Habeas Corpus Relief**

Plaintiff asks the Court to dismiss his first-degree rape charge. [doc. # 5, p. 2]. Although Plaintiff filed this action under 42 U.S.C. § 1983, his request is an implicit challenge to the very fact and duration of his physical imprisonment.[7] Plaintiff should, *after he exhausts his state court remedies*, pursue his request for immediate release from custody through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998) (construing a request for release from pending state criminal proceedings as a habeas petition under Section 2241). Accordingly, the Court should deny Plaintiff's request.

The undersigned again cautions that Plaintiff must first exhaust his available state court remedies before seeking habeas relief in this Court. See *id.* (observing that if "habeas corpus is the exclusive federal remedy . . . a plaintiff cannot seek the intervention of a federal court until

---

[7] See, e.g., *Sellers v. Plattsmier*, 637 F. App'x 111, 112 (5th Cir. 2015) (reasoning that the plaintiff's request to dismiss a bill of information was an implicit request for release); *Florence v. Garcia*, 713 F. App'x 306, 307 (5th Cir. 2018) ("Florence's requests for dismissal of the charges and for immediate release sound in habeas . . . ."); *Durall v. Lafayette Police Dep't*, 2011 WL 6181387, at *1 (W.D. La. Nov. 16, 2011), report and recommendation adopted, 2011 WL 6205542 (W.D. La. Dec. 13, 2011) ("Since dismissal of the charges would result in an immediate or at least speedier release from custody, plaintiff must seek such relief by way of a petition for writ of habeas corpus . . . .").

he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").[8] Plaintiff is further cautioned that the Court may abstain, under *Younger v. Harris*, 401 U.S. 37 (1971), or *Dickerson*, 816 F.2d at 225 (5th Cir. 1987), if Plaintiff asks the Court to interfere with his ongoing criminal prosecution.[9] See *Gibson v. Orleans Par. Sheriff*, 2014 WL 1066987, at *1 (5th Cir. Mar. 20, 2014) (affirming abstention under *Younger v. Harris*, where a petitioner sought habeas corpus relief under 28 U.S.C. § 2241).

**5. Judicial Immunity**

Plaintiff claims that Judge Winters knows he is not guilty. [doc. # 1, p. 4]. He also claims that Judge Winters allows the District Attorney to "run" the courtroom and allows prosecutors to "do what they want . . . ." [doc. # 5, p. 1]. He claims further that Judge Winters refuses to address his motions. *Id.*

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). It "applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It "extends to all judicial acts which are not performed in the clear absence of all jurisdiction."

---

[8] See also *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.").

[9] "Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (internal quotation marks and quoted sources omitted). Under *Dickerson*, "federal courts should abstain . . . if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225.

11

*Kemp ex rel. Kemp v. Perkins*, 324 Fed. App'x. 409, 411 (5th Cir. 2009) (citing *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985)). There are only two exceptions: (1) non-judicial actions, i.e., actions not taken in the judge's judicial capacity; and (2) lawsuits challenging actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"In determining whether an action is judicial, a court looks to the nature of the act itself; that is, whether the challenged act is a function normally performed by a judge." *Id.* Courts consider four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Ballard*, 413 F.3d at 515. "These factors are broadly construed in favor of immunity." *Id.* "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017).

Here, managing or presiding over a court proceeding, declining to dismiss an indictment, and choosing when to rule on motions are all acts normally performed by a judge. Moreover, Plaintiff does not allege that Judge Winters acted outside of the courtroom or chambers. Likewise, Plaintiff's claims clearly "center around" a proceeding before Judge Winters, and nothing indicates that the alleged acts arose outside of a visit to Judge Winters in his official capacity.[10] Plaintiff, further, does not allege that Judge Winters acted in the absence of all

---

[10] See *Morrison*, 704 F. App'x at 374 (finding judicial immunity even where the plaintiff failed to offer any allegations relating to three of the four *Ballard* factors); *Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 674 (5th Cir. 2015) ("Avdeef makes no effort to argue that Judge Chupp's actions were 'nonjudicial' in nature or were taken 'in the complete absence of all jurisdiction,' as required to overcome judicial immunity.").

12

jurisdiction. See LA. CONST. art. V, § 16 ("[A] district court shall have original jurisdiction of all civil and criminal matters.").

Accordingly, Judge Winters is entitled to absolute judicial immunity. The Court should dismiss these claims.

## Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Levon L. Jennings' false-arrest claim, perjury claim, and defamation claim against Defendant Duane Cookson be **STAYED** under the following conditions:

> a. If Plaintiff intends to proceed with these claims, he must, within thirty (30) days of the date the criminal proceedings against him conclude, file a motion to lift the stay;
>
> b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed absent some other bar to suit;
>
> c. Plaintiff should not file any more documents concerning these particular claims (other than an objection to this Report and Recommendation if he so chooses) in this action until the state court proceedings conclude; and
>
> d. Defendant shall not be required to answer these particular claims during the stay, and Plaintiff may not seek a default judgment or conduct any discovery during the stay.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against Assistant District Attorney Farshian Charlotte and Judge Stephens Winters be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state claims on which relief may be granted, and for seeking monetary relief against defendants immune from such relief.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request to dismiss his charge be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to pursue habeas corpus relief after he exhausts all available state-court remedies.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 21st day of January, 2020.

_____
Karen L. Hayes
United States Magistrate Judge